## GARZA Y GARZA v. FANT.

### (Circuit Court of Appeals, Fifth Circuit. February 5, 1901.)

#### No. 822.

CONTRACT—BREACH—DAMAGES.

In an action on a contract whereby plaintiff, in consideration of being allowed to inclose in his pasture 5,280 acres which defendant claimed to own, agreed to permit defendant to keep his cattle in the inclosure for an annual rental of one dollar per head on all his cattle in excess of 1,000 head, which number were permitted to remain free of pasturage, defendant having kept therein 1,109 cattle, recovery for pasturage can be had for only 109 thereof, though defendant only had a third interest in the 5,280 acres, owning the land in common with two other persons, and the other tenants in common pastured cattle on the land without any agreement therefor.

In Error to the Circuit Court of the United States for the Western District of Texas.

This was a common-law action for damages, brought in the United States circuit court for the Western district of Texas, at Austin, by Dillard R. Fant, the defendant in error, against Benito Garza y Garza, the plaintiff in error, and others, for the sum of $14,750, claimed to be due for pasturing live stock for the parties sued. After the institution of the suit several of the original defendants died, and their privies in estate were thereafter joined; but as the judgment is in favor of all these parties, and no assignments of error are made involving the disposition of the case as to them, no further notice need be taken of them. The plaintiff below in his petition presents his case in several phases. The first is that Benito Garza y Garza and two other original defendants, Marin Garza y Garza and Pedro Garza y Garza, owned, as tenants in common, about 5,280 acres of pasture land in Hidalgo county, Tex.; that all the defendants owned stock in the same section; that plaintiff, Fant, owned a large tract of land in the same county, practically surrounding that belonging to the Garzas; that all the parties defendant desired their lands fenced; that Fant acted for himself and the Garzas named above, and two others acted through said Benito; that it was agreed that Fant should inclose with a fence his whole tract of land, thus surrounding the Garza lands, and make a large pasture, containing the lands of all the parties; that Fant should pasture therein such stock as he saw fit, free of charge; that the Garzas should pasture as many of their stock as they saw fit, but on all over 1,000 head were to pay pasturage at the rate of $1 per head per year; that Fant complied with his part of the agreement and fenced the land; and that the Garzas kept a large number of stock in the pasture for a long time, but did not pay the agreed price, which, with interest, aggregated the sum sued for. In this count it is averred that the said Benito acted for himself and as the authorized agent of the other Garzas. The second count is the same as the first, except that it changes the allegation of the agency of Benito from one created by antecedent authority to one dependent on ratification. The next count states the number of animals owned by each of the defendants, the proportion of those belonging to each to the whole number, and the proportion of the 1,000 head to be pastured free which each was entitled to, and on that basis declares on the reasonable value of the pasturage afforded by Fant to each of the defendants. The next declares on the warranty of authority which the law would impose upon Benito if he were not the agent of the other alleged contracting parties whom he assumed to represent, and seeks to recover from him on that basis. The defendants answered by general demurrer and special demurrers, and by general denial and special denials. A jury was waived.

The judge found and stated his conclusions of fact as follows: "(1) That on and for many years prior to the 15th day of May, 1890, the defendants Benito Garza y Garza, Pedro Garza y Garza, and Marin Garza y Garza were the owners in common, in Hidalgo county, Texas, of about fifty-two hundred and eighty acres of land, upon which was then established what is known as the 'Realitos Ranch,' each owning an undivided one-third thereof; and

plaintiff, Fant, knew that the Garzas had about that amount of land. (2) That each of said defendants and one Jacinto Garza and Yndalecio Garza y Garza, another of the defendants, owned stock, cattle, and horses, which ranged upon said lands and other uninclosed lands in their vicinity, each having his own brand and owning his cattle in severalty; but the number of cattle owned by each at said time was not known or testified to, said facts being known to Fant. (3) That the plaintiff, Fant, was the owner of and controlled, by lease or otherwise, a large body of land, to wit, between eighty-nine and ninety thousand acres, contiguous to and surrounding the lands of the said Benito, Pedro, and Marin, which he desired to inclose and embrace within a pasture fence; said inclosure to embrace and include the aforesaid lands of the defendants. That about June, 1890, all of said lands were by Fant inclosed. (4) That within the contemplated inclosure there were at least nineteen sections of public lands, of six hundred and forty acres each, belonging to the state of Texas, of the school fund, which Fant did not control by lease or otherwise. (5) That on or about the 15th or 20th of May, 1890, plaintiff, Fant, and the defendant Benito Garza y Garza entered into a verbal contract whereby the said Fant agreed, in consideration of the inclosing of said fifty-two hundred and eighty acres in his pasture, which said Benito claimed he owned, to permit the said Benito Garza y Garza to keep his cattle and other live stock within the inclosure by the year, for an annual rental of $1 per head on all of his stock, cattle, or horses in excess of one thousand head, which number were permitted to remain free of pasturage. That no definite time was fixed for the termination of said contract, and that the said Benito had the right to remove his cattle and other stock from the ranch at any time. (6) That the said Benito did not represent, and had no authority to represent or bind, by contract or otherwise, any of the other defendants. That the said Benito made no contract for any of the defendants except himself. That he was not the agent of said other defendants, and did not control for them the land owned by the defendants other than himself, nor did he control for them or any of them the cattle and other stock respectively owned by them. (7) That subsequent to the making of said contract by the said Benito, Marin Garza, one of the defendants, on or about the ——— day of August, 1890, leased from the state of Texas nine sections of land, of six hundred and forty acres each, within the boundaries of said pasture, for the period of six years, paying the state therefor an annual rental of five cents per acre. That during the year 1890, when the contract was made, there was also within said pasture ten sections of public land, of six hundred and forty acres each, in addition to the lands leased by them, which were not subject to the control of the said Fant, which lands were subsequently, in 1891, leased by Fant from the state. (8) That from the date of the contract the said Benito Garza y Garza used the pasture so inclosed by said Fant, by permitting his horses and other cattle to range thereon, and that in December, 1892, he refused to recognize said contract or to pay plaintiff anything on account thereof, whereupon the plaintiff inclosed the said 5,280 acres of land in a separate inclosure, and placed some, if not all, of the stock belonging to Benito Garza y Garza and his co-defendants therein. (9) That there was no recognition by the defendants Pedro, Marin, or Yndalecio of any contract between Fant and Benito binding upon them, and no acquiescence by them in any such contract, and no proof of knowledge on their part of any such contract. That the said Benito never represented to the plaintiff, Fant, that he had any authority to act for any of the other defendants or owners of the land or cattle, or to bind them, or any of them, by contract. (10) That the defendant Benito Garza y Garza had 1,109 cattle and horses within plaintiff's pasture from date of contract until December, 1892. (11) That there was no proof that Benito was limited in the use of the Garza lands (5,280) to his undivided one-third thereof, nor was there any proof as to any arrangement between Benito and Pedro and Marin as to the right of each to graze over the interests of the others owned or leased. * * * (14) That plaintiff performed the contract on his part,"—and found and stated his conclusions of law as follows: "(1) The evidence in this case fails to show that Benito Garza y Garza made a contract with the plaintiff, through Scott as interpreter, to pasture cattle other than those owned by himself. There is also want of evidence to show that Benito Garza y Garza was the agent of his co-defendants, or any of them,

and authorized to make such a contract. Nor did any of the defendants ratify, with knowledge of the facts, any supposed contract made by Benito Garza y Garza with the plaintiff. Judgment will therefore be rendered in favor of all the defendants except Benito Garza y Garza. (2) In reference to the last-named defendant the court has found it extremely difficult, in view of the evidence and circumstances of the case, to determine with accuracy the nature and extent of his liability. My conclusion is that he made a contract with the plaintiff by which it was agreed that, in consideration of the plaintiff's including within his large inclosure (containing 80,000 or 90,000 acres of land) the lands of Benito Garza y Garza (understood to be about 5,280 acres), the plaintiff would pasture all of Garza's cattle in excess of 1,000 head at one dollar per head per annum, and 1,000 head free of charge. The evidence shows that Benito Garza y Garza owned only one-third of the Garza land, or about 1,760 acres. The number of his cattle and horses was 1,100, as shown by the marshal's return on the writ of attachment. Construing the contract according to its spirit and intent, and in view of all the attending circumstances, and the fact that Benito Garza y Garza owned only one-third of the Garza lands (the cattle of the other Garzas using the entire pasture in common), the free cattle of Benito Garza y Garza should be limited to one-third of 1,000, or 333, thus leaving 776 cattle belonging to him, for which he should pay pasturage for the period of two years and five months at the rate of one dollar per annum. A literal construction of the contract would perhaps limit the plaintiff's recovery to the agreed sum per annum on 109 head of stock. But I think the contract should receive a construction according to its spirit and intent, rather than according to its strict letter. Judgment will be rendered in favor of the plaintiff against Benito Garza y Garza and the sureties on his replevy bond for the sum of $2,756.62 and costs of suit, except the costs incident to the attachment proceedings, and in favor of all other defendants against the plaintiff for costs."

S. R. Fisher, for plaintiff in error.

A. E. Campbell, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge (after stating the facts as above). It is manifest that the first conclusion of law above stated by the learned trial judge is correct, being amply supported by his findings of fact. It seems equally clear to us that his second conclusion of law is not supported by his findings of fact. This suit is based on contract, not on tort, and the contract furnishes the correct measure of damages for its breach. The able and distinguished counsel who submitted a brief on behalf of the defendant in error with commendable candor concedes that this is a suit on contract, and not on a tort; that ordinarily the contract itself furnishes the measure of damages recoverable; that the parties to this contract are competent; that its subject-matter and purpose are lawful; that it is based on a sufficient consideration; that, although a verbal contract, it is as binding on the parties thereto as one in writing; that it is the duty of the trial court to enforce contracts, and not to make them; that as parties bind themselves they are ordinarily bound; and that in the interpretation of contracts, whether written or verbal, courts are ordinarily governed by the language used. The plaintiff in error correctly contends that a verbal contract not within the statute of frauds is as binding on the parties as one in writing. Different rules of pleading and evidence in some respects are applied in establishing the contract, but when it is once clearly proved its terms are as binding as if they had been reduced to writing. The fifth finding of fact states the verbal contract thus:

"Fant agreed, in consideration of the inclosing of said fifty two hundred and eighty acres in his pasture, which said Benito claimed he owned, to permit the said Benito Garza y Garza to keep his cattle and other live stock within the inclosure by the year for an annual rental of $1 per head on all of his stock, cattle, or horses in excess of one thousand head, which number were permitted to remain free of pasturage. That no definite time was fixed for the termination of said contract, and the said Benito had the right to remove his cattle or other stock from the ranch at any time."

Finding 10 shows that the defendant Benito Garza y Garza had 1,109 cattle and horses within the plaintiff's pasture from date of contract until December, 1892. Point 13 in the brief submitted on behalf of the plaintiff in error suggests that the allegata and probata must correspond; a plaintiff cannot allege a joint contract with a number of persons, and recover on proof of a separate or several contract with one only of such persons. This, however, seems to be abandoned in the conclusion of his very able brief, where he suggests that the cause be remanded to the circuit court, with directions to render judgment in favor of the plaintiff against Benito Garza y Garza for the pasturage of 109 head of stock, being the difference between 1,000, for which he was entitled to free pasturage, and 1,109 head in the pasture, for two years and five months, at $1 per head per annum, with 6 per cent. interest; costs of the circuit court and of this court to be adjudged against the plaintiff, Fant. Waiving, therefore, the questions raised by this contention, it seems clear to us, from the findings of fact, that the case not only may, but should, be considered as an action by the defendant in error against the plaintiff in error for the breach of a contract the terms of which are distinctly and definitely found, and are so clear that they leave no room for doubt as to the meaning of the contract, and none for construction and interpretation. The plaintiff in error was to have free pasturage for 1,000 head of his stock. He was to pay annually $1 per head for each head in excess of 1,000. He had 1,109 head in the pasture. He was therefore bound to pay to the defendant in error annually $1 a head for 109 head, being the excess over the 1,000 for which he contracted to have free pasturage. It follows that the circuit court erred in the judgment it rendered in this case. The findings of fact required that judgment should have been rendered for the defendant in error (the plaintiff below) for the sum of $387.12, and do not support, and cannot maintain, the judgment rendered for the sum of $2,756.62. The case having been tried without a jury, and submitted to us now on the findings of fact announced by the judge, we must reverse the judgment of the circuit court, and here render the judgment that should have been rendered therein. It is therefore ordered that the judgment of the circuit court be, and it is hereby, reversed, and that the defendant in error, D. R. Fant, have judgment here against the plaintiff in error, Benito Garza y Garza, for the sum of $387.12, together with interest thereon at the rate of 6 per cent. per annum from March 14, 1899, until paid (the judgment being for less than five hundred dollars, he cannot recover the costs in the circuit court), and that the plaintiff in error have judgment against the defendant in error for all the costs of suing out and prosecuting this writ of error.